**Han Kung LANG, aka Lang Han Kung, aka Henry Long, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 01–71483.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Nov. 18, 2003.

Abbe Allen Kingston, Esq., Kingston, Martinez & Hogan, Santa Barbara, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office Of The District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief

Legal Officer, Office Of The District Counsel, San Francisco, CA, John S. Hogan, U.S. Department of Justice, Jennifer A. Parker, Washington, DC, for Respondent.

Before: B. FLETCHER, RYMER, and GRABER, Circuit Judges.

MEMORANDUM *

Han Kung Lang, a native and citizen of Taiwan, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the determination by an immigration judge (IJ) that he was removable under 8 U.S.C. § 1227(a)(2)(A)(i)(I) as an alien who committed a crime involving moral turpitude within five years of the date of admission to this country. We deny the petition.

Although Lang argues that June 22, 1992 was the relevant date of admission rather than June 17, 1994, we need not resolve this issue because Lang committed the crime of criminal copyright infringement in violation of 17 U.S.C. § 506(a) and 18 U.S.C. § 2319(b)(1) within five years of either date. The IJ's determination that Lang's criminal conduct began in December 1995 is well supported by evidence that weekly shipments of 700–800 units were made between December 1995 and August 1997, that Lang received $5,000 to $14,000 per delivery, and that he sold $1,460,137 worth of counterfeit software between December 31, 1996 and August 8, 1997—which necessarily includes the period to which Lang pled guilty. Thus, the crime was committed within five years of the date most favorable to Lang.

PETITION DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.